MANDATE

10-2083-cv
*Greenberg v. Aetna Life Insurance Company*

N.Y.S.D. Case #
09-cv-6183(WHP)

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of May, two thousand eleven.

PRESENT: WILFRED FEINBERG,
ROGER J. MINER,
RICHARD C. WESLEY,
*Circuit Judges.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: June 1, 2011

HAROLD L. GREENBERG,

*Plaintiff-Appellant*,

-v.-                                                    10-2083-cv

AETNA LIFE INSURANCE COMPANY, THE SUNGUARD DATA SYSTEMS, INC. LONG TERM DISABILITY PLAN,

*Defendants-Appellees.*

FOR APPELLANT:     ABA HEIMAN, Fusco, Brandenstein & Rada, P.C., Woodbury, NY.

FOR APPELLEES:     MICHAEL H. BERNSTEIN, Sedgwick, Detert, Moran & Arnold LLP, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Pauley, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Harold L. Greenberg appeals from a judgment entered May 7, 2010, in the United States District Court for the Southern District of New York (Pauley, *J.*) in favor of Defendants-appellees Aetna Life Insurance Company ("Aetna") and Sunguard Data Systems, Inc. Long Term Disability Plan (collectively, "Defendants"). Greenberg argues that the district court erred in finding that substantial evidence supported Aetna's conclusion that his disability was caused by a pre-existing condition. He further argues that the court erred in determining that Pennsylvania law controls the interpretation and administration of the long-term disability policy (the "policy"). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Where a benefit plan governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001-1461, gives the plan's administrator discretionary authority to determine eligibility under the plan or to construe the

plan's terms, the administrator's decisions are reviewed for abuse of discretion.  See *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989).  "[A] court may not overturn the administrator's denial of benefits unless its actions are found to be arbitrary and capricious, meaning 'without reason, unsupported by substantial evidence or erroneous as a matter of law.'"  *McCauley v. First Unum Life Ins. Co.*, 551 F.3d 126, 132 (2d Cir. 2008) (quoting *Pagan v. NYNEX Pension Plan*, 52 F.3d 438, 442 (2d Cir. 1995)).

Here, the district court determined that the administrator enjoyed discretionary authority to determine eligibility under and to interpret the terms of the plan. Since it found Aetna's decisions to have been supported by substantial evidence, it granted judgment in favor of Defendants.  On *de novo* review, we likewise determine that Aetna's decisions were supported by substantial evidence. Accordingly, we affirm the district court's judgment.

"We review the district court's choice of law *de novo*." *Fin. One Pub. Co. Ltd. v. Lehman Bros. Special Fin., Inc.*, 414 F.3d 325, 331 (2d Cir. 2005).  Greenberg argues that the policy should be deemed "delivered" in New York and thus New York law should govern to the extent not preempted by ERISA.

1  However, the policy on its face elects Pennsylvania law as
2  controlling its interpretation and stipulates that it is to
3  be delivered in Pennsylvania.  Greenberg has not provided
4  any evidence to the contrary.  Accordingly, as permitted
5  under Pennsylvania law, and pursuant to the policy's terms,
6  he is permanently excluded from eligibility.
7       We have considered Greenberg's remaining contentions
8  and find them to be without merit.
9       For the foregoing reasons, the judgment of the district
10 court is hereby **AFFIRMED**.

11
12                              FOR THE COURT:
13                              Catherine O'Hagan Wolfe, Clerk
14
15

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit